**Lonnie BROOMFIELD,**
**Plaintiff–Appellant,**

v.

**Denise GARNES, Defendant–Appellee.**

No. 01–4238.

United States Court of Appeals,
Sixth Circuit.

June 7, 2002.

Before KRUPANSKY and COLE, Circuit Judges; and DUGGAN, District Judge.*

*ORDER*

Lonnie Broomfield, a pro se federal prisoner, appeals a district court judgment dismissing his civil rights complaint construed as filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and equitable relief, Broomfield filed suit against his wife (Denise Garnes) for violating the Fifth and Eighth Amendments by taking away his ownership interest in residential property during divorce proceedings. Allegedly, Garnes had entered into a contract to marry Broomfield and buy a house with him in exchange for help in a drug program and an unspecified amount of cash. The district court, upon initial screening, dismissed the complaint sua sponte. In its order, the court reasoned that the complaint failed to state a claim of a denial of a constitutional right because Garnes was not a state actor and that diversity jurisdiction did not exist because both parties were residents of Ohio. *See* Fed.R.Civ.P. 12(b)(1) and (6). Broomfield then moved to amend the complaint, but the district court denied the motion in a summary order.

In his timely appeal, Broomfield argues that the district court erred by not permitting him to amend his complaint and by concluding that Garnes was not a state actor.

Upon de novo review, we conclude that the district court properly dismissed the original complaint for failure to state a claim. *See* Fed.R.Civ.P. 12(b)(6); *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir.1995). Under § 1983, a plaintiff must allege a deprivation of a federal right by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155–57, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978). Private parties generally are not subject to suit under § 1983. *Brotherton v. Cleveland*, 173 F.3d 552, 567 (6th Cir.1999). As Broomfield did not allege in his original complaint that Garnes had acted under color of state law, the district court properly dismissed the

---

* The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation.

original complaint for failure to state a claim.

We further conclude that the district court did not abuse its discretion by denying Broomfield's post-judgment motion to amend. *See Sinay v. Lamson & Sessions Co.*, 948 F.2d 1037, 1041 (6th Cir.1991). Broomfield's new allegation that Garnes had conspired with a state actor was conclusory, and, as such, the proposed amended complaint would not have withstood a motion to dismiss. *See id.; Gutierrez v. Lynch*, 826 F.2d 1534, 1538–39 (6th Cir. 1987).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.